| ALJ | Mississippi Department of Employment Security  \| M \| D \| E \| S \| <br> **ADMINISTRATIVE LAW JUDGE DECISION** |  |
|---|---|---|

Date Mailed: 12/11/2008                                                                                                    Docket Number: 45910

### PARTIES INVOLVED

**APPELLANT**

MDES EAN: 92-00596-0-00
PUBLIC SERVICE COMMISSION OF YAZOO CITY
PO BOX 660
YAZOO CITY MS  39194-0660

**OPPONENT**

Claimant SSN: ***-**-3738
WC ROGERS
PO BOX 633
YAZOO CITY MS  39194

### CASE HISTORY

The employer timely appealed a determination of the Mississippi Department of Employment Security which concluded that the claimant is eligible for benefits based on the reason for separation from employment.

A telephonic hearing before the Administrative Law Judge was held on 12/03/2008 at which the claimant with an attorney, and three witnesses, and an employer representative with an attorney for the employer and three witnesses participated. The attorney for the claimant charged fees.

### ISSUE

The issues to be considered in this case are whether the claimant is entitled to benefits based on the reason for separation from employment, and whether the employer's experience rating record is chargeable for benefits which may be paid to the claimant.

### FINDINGS OF FACT

The claimant was employed for approximately thirteen years as a meter reader, by Public Service Commission of Yazoo City, Mississippi, ending June 20, 2008, when he was allegedly discharged for turning on customer's electricity for money that was never turned in to the employer.

On June 3, 2008, the manager recommended the claimant be terminated from his employment, because of several complaints from customers that the claimant was taking money from them for turning on their power. The claimant requested a hearing with the board of commissioners, which was held on June 10, 2008. Some of the customers who were witnesses for the employer changed their mind at the hearing and denied the alleged complaints against the claimant. The board of commissioners did not uphold the termination due to lack of evidence. The board of commissioners advised the manager to get a police report on the next incident, and the claimant was allowed to return to work on June 12, 2008.

On June 20, 2008, the manager terminated the claimant based on a complaint from a female customer who reported giving the claimant $100 to turn on her power June 17, 2008. The manager provided a police report for the record. However, the female who filed the complaint and the police officer both were not available to give testimony.

The claimant denied taking money from the customer nor did he turn on her electricity. The claimant requested another hearing with the board of commissioners that was held on July 8, 2008. The claimant provided three witnesses, but the board of the commissioners agreed not to hear the claimant witnesses and upheld the termination.

The claimant provided three witnesses for this hearing, and one of the witnesses was a former commissioner from the board. The former commissioner testified that he spoke to the female on June 20, 2008, who filed the complaint against the claimant on June 17, 2008. The former commissioner indicated the female told him that her cousin who use to work for the company turned on her power because she was having hard times, and the employer threatened to put her in jail, if she did not file the complaint against the claimant.

The other two witnesses for the claimant provided first-hand testimony in this case, because they were at the female's home when



08345
www.mdes.ms.gov

Mississippi Department of Employment Security is an equal opportunity employer.
Auxiliary aids and services are available upon request to individuals with disabilities.

Page 2 of 4

R-01/2008

Date Mailed: 12/11/2008                                                                                                                Docket Number: 45910

the power was turned on by her cousin, and not the claimant.

The employer has not provided substantial, clear, and convincing evidence that would warrant the claimant a disqualification of benefits.

### REASONING AND CONCLUSION

Section 71-5-513 A (1) (b) of the Mississippi Employment Security Law provides that an individual shall be disqualified for benefits for the week or fraction thereof which immediately follows the day on which he was discharged for misconduct connected with the work, if so found by the Department, and for each week thereafter until he has earned remuneration for personal services equal to not less than eight times his weekly benefit amount as determined in each case. Section 71-5-513 A (1) (c) provides that in a discharge case, the employer has the burden to establish the claimant was discharged for misconduct connected to the employment.

Section 71-5-355 of the Mississippi Employment Security Law provides, in part, that an employer's experience rating record shall be chargeable with benefits paid to a claimant, provided that an employer's experience rating record shall not be chargeable if the Department finds that the claimant left work voluntarily without good cause connected with the work, was discharged for misconduct connected with the work, or refused an offer of available, suitable work with the employer.

In the Mississippi Supreme Court, in the case of Wheeler vs. Arriola, 408. 2d 1381 (Miss. 1982), the Court held that:

"The meaning of the term 'misconduct', as used in the Unemployment Compensation Statute, was conduct evidencing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of the standards of behavior which the employer has the right to expect from his employees. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertencies and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered 'misconduct' within the meaning of the Statute."

The claimant was allegedly accused of turning on customer's electricity and taking their money.

The employer provided a police report for the record. The female who filed the complaint, and the police officer were not available to give testimony, as the claimant provided three witnesses for this hearing, which all three gave first-hand testimony that the claimant was not guilty of this alleged complaint made against him, which resulted in his termination from employment.

The Administrative Law Judge finds, that the claimant was not given a fair hearing by the board of commissioners when they failed to take testimony from the claimant's witnesses, and upheld his termination from employment.  Also, it is found, that the employer never prosecuted none of the customers who complained that they gave the claimant money to turn their power on for them. Therefore, the Administrative Law Judge places more credibility on the claimant and his witnesses testimony than the employer.

In this case of discharge, the employer failed to provide substantial, clear and convincing evidence that would warrant the claimant a disqualification of benefits.  Therefore, the determination rendered by the Department is in order.

### DECISION

Affirmed.  If otherwise eligible, the claimant is entitled to receipt of benefits. The employer is a reimbursable employer and is liable to reimburse the Agency their pro-rata share of benefits paid.



08345
www.mdes.ms.gov
Mississippi Department of Employment Security is an equal opportunity employer.
Auxiliary aids and services are available upon request to individuals with disabilities.
Page 3 of 4
R-01/2008

Date Mailed: 12/11/2008

Docket Number: 45910

**Dated and mailed on 12/11/2008.**

*Kim M Jordan*

Kim M Jordan
Administrative Law Judge

### APPEAL RIGHTS

This decision will become final on **12/25/2008**, which is fourteen (14) calendar days from the date this decision was mailed, unless you file an appeal with the Board of Review and/or request a rehearing of the case by **12/25/2008**. If you failed to appear at the initial hearing you should include the reasons you failed to attend. The Administrative Law Judge and/or the Board of Review may determine if good cause exists to grant any rehearing request. An appeal and rehearing request may be filed using one of the following methods:

In Person: WIN Job Center
Phone:    1-866-633-7041
FAX:      1-877-994-6329
Mail:     MDES Board of Review, PO Box 1699, Jackson, Mississippi 39215-1699.

When an appeal is filed to the Board of Review, it will be considered on the record previously made and no hearing before the Board will be scheduled.

**Claimant Instructions:** Should an appeal be filed and you remain unemployed, you should continue to file weekly certifications until you receive a decision from the Board. In the event the Board finds in your favor, benefits will be paid only for those weeks that are filed, if otherwise eligible.



08345
www.mdes.ms.gov

Mississippi Department of Employment Security is an equal opportunity employer.
Auxiliary aids and services are available upon request to individuals with disabilities.

Page 4 of 4

R-01/2008