IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

W.C. ROGERS                                                    PLAINTIFF

VS.                              CIVIL ACTION NO.: 5:09-cv-0029-DCB-JMR

JIMMY WEVER, ET AL.                                DEFENDANTS

**DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANT PUBLIC SERVICE COMMISSION OF YAZOO CITY**

COMES NOW Defendant Public Service Commission of Yazoo City, by and through its attorneys of record and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, and responds as follows:

**REQUESTS FOR ADMISSIONS**

**REQUEST NO. 1**: Please admit that the Plaintiff was terminated from his employment with the Defendant, Public Service Commission of Yazoo City (hereinafter "PSCYC"), for allegedly accepting cash payments from PSCYC customers, without authorization, to reconnect electricity for said customers after the electricity had been disconnected.

**RESPONSE TO REQUEST NO. 1:** PSCYC admits that Plaintiff was terminated for accepting cash payments from PSCYC customers, without authorization, to reconnect electricity for said customers after the electricity had been disconnected. Any other allegations in Request No. 1 are denied.

**REQUEST NO. 2**: Please admit that after the Plaintiff was terminated from his employment, the Plaintiff filed a claim for unemployment compensation benefits with the Mississippi Department of Employment Security ("MDES").

**RESPONSE TO REQUEST NO. 2:** Admitted.

**REQUEST NO. 3**: Please admit that PSCYC opposed the Plaintiff's claim for unemployment compensation claim before MDES.

**RESPONSE TO REQUEST NO. 3:** Admitted.

**REQUEST NO. 4**: Please admit that MDES held a hearing on the Plaintiff's claim for unemployment benefits, before Administrative Law Judge Kim M. Jordan.

**RESPONSE TO REQUEST NO. 4:** PSCYC admits a telephonic hearing was held as to Plaintiff's claim for unemployment benefits. PSCYC denies any remaining allegations contained in Request No. 4.

**REQUEST NO. 5**: Please admit that the issue of whether the Plaintiff committed the offense for which he was terminated was actually litigated at the MDES hearing before Judge Jordan.

**RESPONSE TO REQUEST NO. 5:** PSCYC objects to this Request on the grounds that it calls for a legal conclusion and further objects to this Request on the grounds that it seeks information which is not relevant and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 6**: Please admit that Judge Jordan ruled that PSCYC had failed to prove that the Plaintiff had committed the alleged offense.

**RESPONSE TO REQUEST NO. 6:** PSCYC objects to this Request on the grounds that it calls for a legal conclusion and further objects to this Request on the grounds that it seeks information which is not relevant and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 7**: Please admit that Judge Jordan approved the Plaintiff's claim for unemployment compensation benefits.

**RESPONSE TO REQUEST NO. 7**: Admitted.

**REQUEST NO. 8**: Please admit that Judge Jordan held that PSCYC did not provide Plaintiff a "fair" hearing when it terminated the Plaintiff's employment.

**RESPONSE TO REQUEST NO. 8**: PSCYC objects to this Request on the grounds that it calls for a legal conclusion and further objects to this Request on the grounds that it seeks information which is not relevant and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 9**: Please admit that Judge Jordan's ruling is a final order of the MDES.

**RESPONSE TO REQUEST NO. 9**: PSCYC objects to this Request on the grounds that it calls for a legal conclusion and further objects to this Request on the grounds that it seeks information which is not relevant and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 10**: Please admit that the aforementioned order of the MDES has not been reversed.

**RESPONSE TO REQUEST NO. 10**: PSCYC objects to this Request on the grounds that it calls for a legal conclusion and further objects to this Request on the grounds that it seeks information which is not relevant and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 11**: Please admit that PSCYC did not appeal the final order of the MDES.

**RESPONSE TO REQUEST NO. 11**: Admitted.

**REQUEST NO. 12**: Please admit that the final order of the MDES is not appealable.

**RESPONSE TO REQUEST NO. 12**: PSCYC objects to this Request on the grounds that it calls for a legal conclusion and further objects to this Request on the grounds that it seeks information which is not relevant and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 13**: Please admit that the Plaintiff was paid unemployment compensation benefits in accordance with the final order of the MDES.

**RESPONSE TO REQUEST NO. 13**: Admitted.

**REQUEST NO. 14**: Please admit that PSCYC held a hearing (hereinafter "first termination hearing") to consider whether to terminate the Plaintiff's employment with PSCYC.

**RESPONSE TO REQUEST NO. 14**: Admitted.

**REQUEST NO. 15**: Please admit that the alleged basis for the termination at the first termination hearing was that the Plaintiff allegedly accepted cash payments from PSCYC customers, without authorization, to reconnect electricity for said customers after the electricity had been disconnected.

**RESPONSE TO REQUEST NO. 15**: PSCYC admits that the basis for termination was Plaintiff's acceptance of cash payments from PSCYC customers, without authorization, to reconnect electricity for said customers after the electricity had been disconnected. Any other allegations in Request No. 15 are denied.

**REQUEST NO. 16**: Please admit that the witnesses who appeared at the first termination hearing denied that the Plaintiff had committed the acts referenced in the immediately preceding request.

4

**RESPONSE TO REQUEST NO. 16:** Admitted.

**REQUEST NO. 17:** Please admit that the PSCYC declined to terminate the Plaintiff's employment at the conclusion of the first termination hearing.

**RESPONSE TO REQUEST NO. 17:** Admitted.

**REQUEST NO. 18:** Please admit that after the first termination hearing, PSCYC commenced a second termination hearing, to consider whether the Plaintiff's employment should be terminated.

**RESPONSE TO REQUEST NO. 18:** Denied.

**REQUEST NO. 19:** Please admit that the alleged basis for the termination at the second termination hearing as that the Plaintiff allegedly accepted cash payments from PSCYC customers, without authorization, to reconnect electricity for said customers after the electricity had been disconnected, but from different customers as alleged in the first termination hearing.

**RESPONSE TO REQUEST NO. 19:** PSCYC admits that the basis for Plaintiff's termination was Plaintiff's acceptance of cash payments from PSCYC customers, without authorization, to reconnect electricity for said customers after the electricity had been disconnected and these included different customers. Any other allegations in Request No. 19 are denied.

**REQUEST NO. 20:** Please admit that the Plaintiff produced the customers from whom he allegedly obtained cash, to testify on his behalf at the second termination hearing.

**RESPONSE TO REQUEST NO. 20:** Denied.

**REQUEST NO. 21:** Please admit that the customers referenced in the immediately preceding request were present to testify that the Plaintiff had not committed the acts as alleged at the second termination hearing.

**RESPONSE TO REQUEST NO. 21**: Denied.

**REQUEST NO. 22**: Please admit that the PSCYC refused to allow the customers to testify at the second termination hearing.

**RESPONSE TO REQUEST NO. 22**: Denied.

**REQUEST NO. 23**: Please admit that the PSCYC refused to allow the Plaintiff to present evidence or witnesses at the second termination hearing.

**RESPONSE TO REQUEST NO. 23**: Denied.

**REQUEST NO. 24**: Please admit that the PSCYC did not provide a fair and reasonable opportunity for the Plaintiff to be heard at the second termination hearing.

**RESPONSE TO REQUEST NO. 24**: Denied.

**REQUEST NO. 25**: Please admit that the manner in which the PSCYC conducted the second termination hearing violated the Plaintiff's right to substantive due process.

**RESPONSE TO REQUEST NO. 25**: PSCYC objects to this Request on the grounds that it calls for a legal conclusion. Without waiving objection, denied.

**REQUEST NO. 26**: Please admit that the manner in which the PSCYC conducted the second termination hearing violated the Plaintiff's right to procedural due process.

**RESPONSE TO REQUEST NO. 26**: PSCYC objects to this Request on the grounds that it calls for a legal conclusion. Without waiving objection, denied.

**REQUEST NO. 27**: Please admit that at all times alleged in the Complaint, the Defendant, Allen Williams, was acting within the course and scope of his employment with PSCYC.

**RESPONSE TO REQUEST NO. 27**: Admitted.

**REQUEST NO. 28**: Please admit that at all times alleged in the Complaint, the Defendant, Allen Williams, was acting under color of state law.

**RESPONSE TO REQUEST NO. 28**: Admitted.

**REQUEST NO. 29**: Please admit that at all times alleged in the Complaint, the Defendant, Jimmy Weaver, was acting within the course and scope of his employment with PSCYC.

**RESPONSE TO REQUEST NO. 29**: Admitted.

**REQUEST NO. 30**: Please admit that at all times alleged in the Complaint, the Defendant, Jimmy Weaver, was acting under color state of law.

**RESPONSE TO REQUEST NO. 30**: Admitted.

    Respectfully Submitted,

    PUBLIC SERVICE COMMISSION OF YAZOO CITY.
    Defendant.

    GARY E. FRIEDMAN (MSB NO. 5532)
    MARK FIJMAN (MSB NO. 99153)
    PHELPS DUNBAR, L.L.P.
    POST OFFICE BOX 23066
    JACKSON, MISSISSIPPI 39225-3066
    TELEPHONE: (601) 352-2300

## CERTIFICATE OF SERVICE

I, MARK FIJMAN, do hereby certify that I have this day served, via U.S. Mail, postage pre-paid, a true and correct copy of the foregoing document upon the following individuals:

Harvey Curtis Crowley, Esq.
CURT CROWLEY, ATTORNEY
P.O. Box 3949
Jackson, Mississippi  39207-3949
601.624.3176
curt@thecrowleylawfirm.com

This the 26th day of August, 2009.

MARK FIJMAN