## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

W. C. ROGERS                                                                    PLAINTIFF

VS.                                         CIVIL ACTION NO.: 5:09-cv-00029(DCB)(JMR)

JIMMY WEVER, ET AL.                                                          DEFENDANTS

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**COME NOW** Defendants[1], by and through their attorneys of record, and respectfully submit this Motion for Summary Judgment as follows:

1.      Plaintiff was terminated from his job as a Meter Reader for the Public Service Commission of Yazoo City ("PSCYC") for fraudulently accepting money to reconnect customers whose electricity had been disconnected for non-payment.  Plaintiff W.C. Rogers ("Rogers" or "Plaintiff") habitually preyed upon poor people in distress, taking their money and food stamps.

2.      Approximately 7 months later, Plaintiff was caught stealing electricity at his own home, using a stolen electric meter belonging to the PSCYC.  Plaintiff was subsequently arrested by the Yazoo Police Department and convicted pursuant to MISS. CODE ANN. §§ 97-25-3 and 97-17-70 on charges of theft of public utilities and receiving stolen property.  That conviction was never appealed or reversed.

3.      Plaintiff's lawsuit consists of employment law claims against the PSCYC and individual PSCYC employees and Commissioners, and Fourth Amendment claims against Yazoo City and two individual Yazoo City Police Officers.  Because of the interrelation of the

---

[1] Defendants are: (1) PSCYC Manager Jimmy Wever, (2) The Public Service Commission of Yazoo City, (3) PSCYC Meter Reader Supervisor Allen Williams, (4) Yazoo City Police Officer Tony Johnson, (5) Yazoo City Police Detective Dean Johnson, (6) Yazoo City, Mississippi, (7) PSCYC Commissioner W.N. Nelson, Jr., (8) PSCYC Commissioner W.F. Hawkins, and (9) PSCYC Commissioner Betty Quin. Former PSCYC Commissioner M.P. Holmes has been dismissed from this cause of action by Stipulation of Dismissal.  See Pacer Docket Entry No. 23.

respective factual scenarios, and for the convenience of the Court, all claims will be addressed in a single Motion and Memorandum of Authorities, as opposed to separate Motions and Memorandums for each group of Defendants. Because of the lengthy fact scenario, numerous Defendants and claims, Defendants' Memorandum is by necessity somewhat longer than the standard Brief. Defendants intend to seek leave of the Court for additional pages for Defendants' Reply Brief.

4.      Plaintiff alleges federal[2] claims of: (1) violation of Plaintiff's right to due process under the Fifth Amendment, (2) violation of Plaintiff's right against the taking of property without just compensation under the Fifth Amendment, (3) conspiracy to violate civil rights pursuant to 42 U.S.C. § 1985 ("Section 1985"), (4) negligent failure to prevent violation of civil rights pursuant to 42 U.S.C. § 1986 ("Section 1986"), (5) violation of Plaintiff's right against unreasonable search and seizure under the Fourth Amendment, (6) violation of Plaintiff's right to due process under the Fourteenth Amendment, (7) violation of Plaintiff's right to petition the government for redress of grievances and violation of Plaintiff's right to free speech under the First Amendment, and (8) government entity liability. During Plaintiff's deposition, Plaintiff's counsel expressly stipulated that Plaintiff is not asserting any race claims against any Defendant.

5.      Defendants deny there is any basis to Plaintiff's because: (1) Plaintiff's Fifth Amendment Due Process claim fails a matter of law because no Defendant is a federal actor, (2) Plaintiff's claim for property damage during a police search is not a cause of action under the Fifth Amendment's "Takings Clause", (3) Plaintiff's Section 1985 conspiracy claim fails as a matter of law because Plaintiff and his counsel have stipulated they are not asserting any race claims or any other claims based on a protected class, (4) Plaintiff's Section 1986 claim for negligent failure to prevent violation of civil rights fails alternatively  because it requires a valid

---

[2] Plaintiff's Complaint does not assert any state law claims and does not assert supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

PD.3952104.1

Section 1985 claim and negligence is not a basis for a Section 1983 claim, (5) Plaintiff cannot establish a Fourth Amendment violation, (6) Plaintiff's Fourteenth Amendment Due Process claim fails because Plaintiff did not have a property or liberty interest, (7) Plaintiff's First Amendment claims have no basis, (8) Plaintiff cannot establish a policy on which to base governmental entity liability for a constitutional violation against either the PSCYC or Yazoo City, and (9) all individual Defendants are entitled to qualified immunity.  Summary judgment should be granted as to all of Plaintiff's claims.

6.      In addition to Defendants' Memorandum in Support of Motion for Summary Judgment, Defendants also offer the following exhibits in support of their Motion for Summary Judgment:

     (a)     Complaint, Attached as Exhibit "A";

     (b)     Excerpts of W.C. Rogers Deposition, Attached as Exhibit "B";

     (c)     Answer and Affirmative Defenses, Attached as Exhibit "C";

     (d)     Affidavit of Jimmy Wever, Attached as Exhibit "D";

     (e)     Employee Warning Record for W.C. Rogers Dated June 6, 2004, Attached as Exhibit "E";

     (f)     Employee Warning Record for W.C. Rogers Dated January 3, 2007, Attached as Exhibit "F";

     (g)     Employee Warning Record for W.C. Rogers Dated January 24, 2007, Attached as Exhibit "G";

     (h)     Memorandum by Garrette Scott, Jr. Dated June 22, 2007, Attached as Exhibit "H";

     (i)     Employee Warning Record for W.C. Rogers Dated June 25, 2007, Attached as Exhibit "I";

     (j)     Note Regarding November 20, 2007 Call from Trish Reed, Attached as Exhibit "J";

     (k)     Affidavit of Michael Wilson, Attached as Exhibit "K";

(l)     Affidavit of Curtis Banks, Attached as Exhibit "L";

(m)     Affidavit of Bridgett Lewis, Attached as Exhibit "M";

(n)     Letter From Jimmy Wever to W.C. Rogers Dated June 3, 2008, Attached as Exhibit "N";

(o)     Minutes of June 10, 2008 Meeting of PSCYC, Attached as Exhibit "O";

(p)     Affidavit of Brenda J. Harelson, Attached as Exhibit "P";

(q)     Cut-Off Notice, Attached as Exhibit "Q";

(r)     Police Report dated June 17, 2008 Regarding Theft of Electricity at 916 White Avenue, Attached as Exhibit "R";

(s)     Affidavit of Alex Barnes, Attached as Exhibit "S";

(t)     Letter From Jimmy Wever to W.C. Rogers Dated June 20, 2008, Attached as Exhibit "T";

(u)     Minutes of July 8, 2008 Meeting of PSCYC, Attached as Exhibit "U";

(v)     Affidavit of Allen Williams, Attached as Exhibit "V";

(w)     Affidavit of Michael Wilson, Attached as Exhibit "W";

(x)     Photograph of 403 Calhoun Avenue, Attached as Exhibit "X";

(y)     Photograph of 403 Calhoun Avenue, Attached as Exhibit "Y";

(z)     Photographs of Metal Box, Attached as Exhibit "ZZ";

(aa)    Yazoo Police Department Dispatch Record, Attached as Exhibit "AA";

(bb)    Affidavit of Tony Johnson, Attached as Exhibit BB";

(cc)    Affidavits for Theft of Public Utilities and Receiving Stolen Property, Attached as Exhibit "CC";

(dd)    Service Request Form/Cut-Off Notice for 604 Canal signed by W.C. Rogers May 6, 2008, Attached as Exhibit "DD";

(ee)    Yazoo Police Department Offense Report, Attached as Exhibit "EE";

(ff)    Affidavit of Dean Johnson, Attached as Exhibit "FF";

(gg)    Affidavit for Search Warrant Underlying Facts and Circumstances and Search Warrant, Attached as Exhibit "GG";

(hh)    Affidavit of Judge Derek E. Parker, Attached as Exhibit "HH";

(ii)    Arrest Report, Attached as Exhibit "II";

(jj)    Yazoo City Municipal Court Proceedings of Criminal Charges Against W.C. Rogers, Attached as Exhibit JJ";

(kk)    Employee Handbook Excerpt, Attached as Exhibit KK";

(ll)    Employee Handbook Receipt, Attached as Exhibit LL";

(mm)    Records Affidavit (PSCYC), Attached as Exhibit MM";

(nn)    Records Affidavit (Yazoo City Police Department), Attached as Exhibit NN".

For the reasons set forth herein and in Defendants' Memorandum in Support of Motion for Summary Judgment, Defendants respectfully request the Court grant Summary Judgment as to all of Plaintiff's claims, and that all costs of this action be assessed to Plaintiff, including all attorneys fees incurred by Defendants in defending against this frivolous and harassing litigation.

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY:   */s/Mark Fijman*

Gary E. Friedman, MB #5532
Mark Fijman, MB #99153
111 East Capitol Street • Suite 600
Jackson, Mississippi  39201-2122
P. O. Box 23066
Jackson, Mississippi 39225-3066
Telephone: (601) 352-2300
Telecopier: (601) 360-9777
Email: friedmag@phelps.com
fijmanm@phelps.com
**ATTORNEYS FOR DEFENDANTS**

PD.3952104.1

## CERTIFICATE OF SERVICE

I, MARK FIJMAN, do hereby certify that I have this date electronically filed the foregoing *MOTION FOR SUMMARY JUDGMENT* with the Clerk of the Court using the ECF system which sent notification of such filing to:

> Curt Crowley, Esq.
> The Crowley Law Firm, PLLC
> Post Office Box 4673
> Jackson, Mississippi  39296-4673
> (601) 944-1984
> curt@thecrowleylawfirm.com

***ATTORNEY FOR PLAINTIFF***

THIS, the 19th day of  March, 2010.

> */s/ Mark Fijman*
> MARK FIJMAN

PD.3952104.1