IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

W. C. ROGERS                                                    PLAINTIFF

VS.                                  CIVIL ACTION NO. 5:09-cv-29(DCB)(JMR)

JIMMY WEVER, Individually and in His
Official Capacity as an Employee of the
Public Service Commission of Yazoo City,
Mississippi; PUBLIC SERVICE COMMISSION
OF YAZOO CITY, a Municipally-Owned Utility;
ALLEN WILLIAMS, Individually and in His
Official Capacity as an Employee of the
Public Service Commission of Yazoo City,
Mississippi; TONY JOHSNON, Individually and
in His Official Capacity as a Police Officer
for Yazoo City, Mississippi; DEAN JOHNSON,
Individually and in His Official Capacity as a
Police Officer for Yazoo City, Mississippi;
YAZOO CITY, a Political Subdivision of the State
of Mississippi; W.N. NELSON, JR., Individually
and in His Official Capacity as a Commissioner
of the Public Service Commission of Yazoo City;
W.F. HAWKINS, Individually and in His Official
Capacity as a Commissioner of the Public Service
Commission of Yazoo City; BETTY QUINN,
Individually and in Her Official Capacity as a
Commissioner of the Public Service Commission of
Yazoo City                                                      DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff's motion for partial summary judgment **(docket entry 69)**, the plaintiff's motion for partial summary judgment as to defendants Tony Johnson and Dean Johnson **(docket entry 71)**, the plaintiff's motion to strike affidavit and to exclude testimony of defendant Jimmy Wever **(docket entry 76)**, the plaintiff's motion to strike affidavit and to exclude testimony of Michael Wilson **(docket entry 78)**, the

plaintiff's motion to strike affidavit and exclude testimony of Brenda J. Haralson **(docket entry 80)**, the defendants' motion for summary judgment **(docket entry 88)**, and the defendants' motion for leave to exceed page limitation for reply memorandum **(docket entry 97)**. Having carefully considered the motions, responses, memoranda and applicable law, and being fully advised in the premises, the Court finds as follows:

The plaintiff, W.C. Rogers ("Rogers") was employed by the Public Service Commission of Yazoo City ("the PSCYC") as a meter reader. He held this position for thirteen years, until his employment was terminated by the PSCYC on July 8, 2008. The plaintiff was terminated from his job for fraudulently accepting money to reconnect customers whose electricity had been disconnected for non-payment. Approximately seven months after his termination, the plaintiff was arrested by the Yazoo City Police Department for stealing electricity at his own home, using a stolen electric meter belonging to the PSCYC. The plaintiff was subsequently convicted pursuant to Miss. Code Ann. §§ 97-25-3 and 97-17-70 on charges of theft of public utilities and receiving stolen property. That conviction was never appealed or reversed.

In his Complaint, filed March 12, 2009, the plaintiff alleges that defendant Jimmy Wever ("Wever"),

> [p]rior to June 3, 2008, ... approached several customers
> of the PSCYC with the intent to induce the customers to
> make false allegations against the Plaintiff regarding

2

> the Plaintiff's on-the-job conduct. Wever used threats and other extortionate means to force these customers to falsely accuse the Plaintiff of official misconduct. Faced with Wever's threats, these customers reluctantly agreed to make false statements and allegations regarding the Plaintiff.

Complaint, ¶ 16. Rogers claims that at a hearing before the PSCYC on June 10, 2008, these customers testified that Rogers had not in fact committed any official misconduct. Complaint, ¶ 18. Wever then, according to Rogers, approached another customer and induced her to make false accusations against Rogers. Complaint, ¶ 21. Rogers claims that at a second hearing, on July 8, 2008, Wever was unable to procure the customer's presence to testify, but that the PSCYC terminated his employment anyway. Complaint, ¶ 23.

Rogers also claims that the PSCYC opposed his application for unemployment compensation with the Mississippi Department of Employment Security ("MDES"), and that an Administrative Law Judge rejected the PSCYC's objections and found in his favor. Complaint, ¶¶ 24-27. As a result, according to Rogers, Wever conspired with two Yazoo City Police Officers, defendants Tony Johnson and Dean Johnson, to obtain a search warrant for Rogers' property. The plaintiff further alleges that the police officers "made false, fabricated and perjured statements" in order the obtain a "no-knock" search warrant, claiming that Rogers was in possession of "a Schedule I controlled substance." Complaint, ¶¶ 31-33. The plaintiff claims that the officers broke into a locked metal box in his backyard. Complaint, ¶ 34.

Rogers brings the following constitutional claims pursuant to 42 U.S.C. § 1983: (1) violation of his right to petition the government for redress of grievances and right to free speech (First Amendment); (2) violation of this right against unreasonable searches and seizures (Fourth Amendment); (3) violation of his right to due process of law (Fifth and Fourteenth Amendments); and (4) violation of his right against the taking of property without just compensation (Fifth Amendment). Complaint, ¶¶ 37-46. He also brings claims for (5) conspiracy to violate his civil rights, pursuant to 42 U.S.C. § 1985; (6) negligent failure to prevent violation of his civil rights, pursuant to 42 U.S.C. § 1986; and (7) governmental entity liability on the part of Yazoo City and the PSCYC. Complaint, ¶¶ 47-60.

The defendants move for summary judgment on all claims. Specifically, the defendants allege: (1) the plaintiff's First Amendment claims have no basis in law or in fact because his purported speech did not touch on a matter of public concern and was not protected speech for First Amendment purposes; (2) the plaintiff's Fourth Amendment claim is without merit because probable cause existed for the issuance of the search warrant; (3) the plaintiff's due process claim under the Fifth Amendment fails as a matter of law because no Defendant is a federal actor, and his due process claim under the Fourteenth Amendment fails because the he has not alleged a property or liberty interest; (4) the

4

plaintiff's claim that his property was taken during a police search without just compensation is not cognizable; (5) the plaintiff's Section 1985 conspiracy claim fails as a matter of law because plaintiff and his counsel have stipulated they are not asserting any race claims or any other claims based on a protected class; (6) the plaintiff's Section 1986 claim for negligent failure to prevent violation of civil rights fails because it must be based on a valid Section 1985 claim; also, negligence cannot serve as the basis for a Section 1983 claim; and (7) the plaintiff cannot establish a policy or custom on which to base governmental entity liability for a constitutional violation against either the PSCYC or Yazoo City. The defendants also assert that all individual defendants are entitled to qualified immunity.

By his failure to address most of the defendants' arguments, the plaintiff has waived his First Amendment right to petition and free speech claims (1); his Fifth Amendment due process claim (but not his Fourteenth Amendment due process claim)(3); his Fifth Amendment taking of property without just compensation claim (4); his Section 1985 conspiracy claim (5); his Section 1986 negligent failure to prevent conspiracy claim (6); and his Section 1983 governmental liability claim against Yazoo City (but not his claim against the PSCYC)(7). The plaintiff also fails to make any argument that the individual defendants are not entitled to qualified immunity.

This leaves for the Court's consideration the plaintiff's Fourth Amendment claim for unreasonable search and seizure (2); his Fourteenth Amendment due process claim (3); and his Section 1983 governmental liability claim against the PSCYC (7).

In order to avoid summary judgment, a plaintiff must produce admissible evidence of specific facts which indicate that a genuine issue of material fact actually exists. Celotex Corp. v. Catrett, 477 U.S. 317 (1986)(if a plaintiff lacks evidence sufficient to create a genuine issue of fact in support of a necessary element of a claim or claims, then summary judgment is appropriate against the plaintiff on that claim); Hypes v. First Commerce Corporation, 134 F.3d 721, 725 (5th Cir. 1998). While the Court may not make credibility determinations or weigh the evidence, pursuant to Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000), "Reeves does not require [the Court] to reject the plainly obvious." Montemayor v. City of San Antonio, 276 F.3d 687, 693 (5th Cir. 2001). The burden on the nonmoving party is to do more than simply show there is some metaphysical doubt as to the material facts. Meinecke v. H&R Block of Houston, 66 F.3d 77, 81 (5th Cir. 1995). "If the nonmoving party fails to make a sufficient showing of an essential element of a claim with respect to which it has the burden of proof, then the moving party is entitled to judgment as a matter of law." Id. at 1080. "Summary judgment is appropriate where critical evidence is so weak or tenuous on an essential fact

that it could not support a judgment in favor of the nonmovant, or where it is so overwhelming that it mandates judgment in favor of the movant." Armstrong v. City of Dallas, 997 F.2d 62, 67 (5th Cir. 1993).

In support of his Fourteenth Amendment due process claim against the PSCYC and PSCYC employee Allen Williams, Rogers argues that as a result of these defendants' actions he was deprived of a liberty interest. It is undisputed that Rogers was an at-will employee and thus had no property interest in his position. See Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services, 925 F.2d 866, 877 (5th Cir. 1991); Conner v. Lavaca Hosp. Dist., 267 F.3d 426, 439 (5th Cir. 2001). To establish a liberty interest claim, a plaintiff must prove all of the following elements: (1) he was discharged; (2) stigmatizing charges were made against him in connection with the discharge; (3) the charges were false; (4) he was not provided notice or an opportunity to be heard prior to the discharge; (5) the charges were made public; (6) he requested a hearing to clear his name; and (7) the employer denied the request. Bledsoe v. City of Horn Lake, Miss., 449 F.3d 650, 653 (5th Cir. 2006).

At his deposition, Rogers admitted that he has no evidence of the PSCYC ever making public his termination or the reasons for his termination, and that all discussions of the allegations against him were held in executive session. Rogers Depo., pp. 88-89.

Thus, Rogers cannot establish a liberty interest.  See DePree v. Saunders, 588 F.3d 282, 290 (5th Cir. 2009)(no liberty interest where no evidence of public charges).  Furthermore, "mere injury to reputation, even if defamatory, does not constitute the deprivation of a liberty interest."  Finch v. Fort Bend Indep. Sch. Dist., 333 F.3d 555, 561 n.3 (5th Cir. 2003)(citing Paul v. Davis, 424 U.S. 693, 711-12 (1976)).  It is noteworthy that the plaintiff was subsequently charged with and convicted of theft of public utilities and receiving stolen property, and those criminal proceedings were of course publicized.  Rogers offers no more than mere speculation that someone from the PSCYC publicized the circumstances of his termination.  The defendants are entitled to summary judgment on the plaintiff's Fourteenth Amendment claim, and the PSCYC is entitled to summary judgment on the Section 1983 governmental liability claim.

In his Fourth Amendment claim, Rogers seeks to challenge the search warrant that was issued for the metal box in his backyard, claiming that Officer Tony Johnson and Detective Dean Johnson obtained the warrant without probable cause.

The "totality of the circumstances" test governs whether a search warrant is supported by probable cause.  See Illinois v. Gates, 462 U.S. 213, 238 (1983).  It is undisputed that the plaintiff was discovered utilizing a stolen electric meter at his residence.  It is also undisputed that the meter on the plaintiff's

residence was stolen from an abandoned house at 604 Canal Street. Defendants' Exhibit W. Prior to the filing of criminal charges and application for a search warrant, it was known to the PSCYC and to the Yazoo City Police Department that the plaintiff, shortly before his termination, was the meter reader who disconnected the service at 604 Canal Street. Id. In his deposition, Rogers admits this and positively identifies the "Cut-Off Notice" for 604 Canal Street with his handwriting on it. Defendants' Exhibit DD; Rogers Depo., pp. 32-35.

Further, it is not disputed that both Allen Williams and Michael Wilson communicated to the police information they had heard from PSCYC employees and other sources that the plaintiff possibly had other stolen meters in a locked metal box in his backyard. Defendants' Exhibits V, W, BB. Evidence of the plaintiff's former employment with the PSCYC, and his subsequent termination for dishonesty and theft also supported probable cause. Hearsay, in the form of what other PSCYC employees told Williams and/or Wilson, and which they in turn communicated to the police, is a proper basis for establishing probable cause. See Moreno v. Dretke, 450 F.3d 158, 170 (5th Cir. 2006)("[p]robable cause may be and often is founded on hearsay"); United States v. Laury, 985 F.2d 1293, 1312 (5th Cir. 1993)(hearsay and even double hearsay may serve as the basis for probable cause for a search warrant). Even an anonymous tip, corroborated by other evidence, can provide probable

cause for a search. Scribner v. Dillard, 2005 WL 1199567, *5 (5th Cir. May 20, 2005)(citing Illinois v. Gates, 462 U.S. 213, 230 (1983)). The fact that information may later prove to be incorrect is irrelevant to whether probable cause existed. United States v. Antone, 753 F.2d 1301, 1304 (5th Cir. 1985). The affidavit submitted to Yazoo County Judge Derek E. Parker by the officers reflects that Mike Wilson of the PSCYC had signed an affidavit for theft of public utilities against the plaintiff and that the electric meter assigned to the plaintiff's residence had been replaced with another meter to facilitate the plaintiff's theft of utilities. Defendants' Exhibit GG.

Thus, both the affidavit and the additional information linking the plaintiff to theft of electricity, which was orally communicated to Judge Parker, provided sufficient probable cause for the issuance of the search warrant. Under Mississippi law "an affidavit[,] lacking sufficient underlying facts and circumstances for probable cause, may be supplemented by oral testimony to establish probable cause." Roberson v. State, 595 So.2d 1310, 1317 (Miss. 1992); Wilborn v. State, 394 So.2d 1355, 1357 (Miss.), cert. denied, 454 U.S. 839 (1981)(under Mississippi law, unrecorded oral testimony may be considered with the affidavit in determining probable cause). Because federal requirements do not apply to state search warrants, the Court may properly consider the oral communications between the Officers and Judge Parker in verifying

the existence of probable cause to search the metal box. See United States v. McKeever, 905 F.2d 829, 832 (5th Cir. 1990). Judge Parker has attested that the oral communications he had with the two officers, as well as the affidavit, were sufficient to establish probable cause for the search warrant. Defendants' Exhibit II. The defendants are entitled to summary judgment on the issue of probable cause.

The plaintiff also claims that the two officers are liable pursuant to Section 1983 and the Fourth Amendment for making "false, fabricated and perjured statements to Judge Parker" to obtain the search warrant. However, under the law of this Circuit misstatement can vitiate an affidavit "only if it is established that the misstatement was the product 'of deliberate falsehood or of reckless disregard for the truth ... [a]llegations of negligence or innocent mistake are insufficient.'" United States v. Martin, 615 F.2d 318, 329 (5th Cir. 1980)(quoting Franks v. Delaware, 438 U.S. 154, 171 (978)).

Negligence, even gross negligence, is insufficient to serve as the basis for a Section 1983 claim. See Hare v. City of Corinth, 74 F.3d 633, 645 (5th Cir. 1996)("A 'gross' error is still only an error, and an error is not an abuse of power. Since an error by a government official is not unconstitutional, it follows that 'gross negligence' is not a sufficient basis for liability."); Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999). The plaintiff bears the

11

burden of showing by a preponderance of the evidence that a misstatement or omission was more than mere negligence. Id. An unsupported assertion that an affidavit contains a misstatement (or an omission) does not give rise to the inference that the affiant acted with reckless disregard for the accuracy of the information presented to the magistrate, particularly where the misstated or omitted facts in question are of only minor significance to the finding of probable cause. U.S. v. Runyan, 290 F.3d 223, 234, n.6 (5th Cir. 2002).

Where misstatements are contained in the affidavit seeking a search warrant, the court must then consider whether the remaining portion of the affidavit is sufficient to support a finding of probable cause. United States v. Brown, 298 F.3d 392, 395 (5th Cir. 2002). The issue is whether, after omitting all mistatements, the affidavit contains facts from which the magistrate could make an informed and independent judgment as to whether probable cause existed and whether there was a substantial basis for his determination that probable cause did exist. Moreno, 450 F.3d at 169-70.

The plaintiff's complaint alleges:

> Tony Johnson and Dean Johnson falsely represented to Judge Parker that there was probable cause to believe that the Plaintiff was in possession of "a Schedule I controlled substance." Furthermore, Tony Johnson and Dean Johnson made false representations to induce Judge Parker to classify the search warrant as a "no-knock" search warrant. Tony Johnson and Dean Johnson made these false representations to evade the constitutional "knock

12

and announce" requirements for the service of search
warrants, and to meet the heightened requirements for the
issuance of a "no-knock" search warrant.

Complaint, ¶ 32.

According to the defendants, Detective Johnson used a previously utilized computer template to prepare his affidavit for the search warrant, and inadvertently failed to delete from the "Underlying Facts and Circumstances" section information relating to a prior drug case. Defendants' Exhibit FF. He also inadvertently failed to delete from the Search Warrant prepared for the judge's signature similar information from the earlier drug-related search as follows:

> A scheduled I controlled substance, To Wit: Temick
> [Cotton poison] and any and all weapons, moneys, ledgers,
> paraphernalia and any and all controlled substances along
> with any and all articles used in the packaging,
> distribution and manufacturing of a controlled substance.

Defendants' Exhibits FF, GG. However, the affidavit prepared by Detective Johnson correctly identifies the location and thing to be searched:

> **The residence is located at 403 Calhoun Ave. The metal framed trailer meat smoker with single axel** [sic] **located in rear of residence closest to Calhoun Alley, in Yazoo city, Yazoo County, Mississippi** ... Together with all approaches and appurtenances thereto.

Defendants' Exhibit GG (emphasis in original). The affidavit also correctly identifies the plaintiff as the person who controlled the metal box, and the charge of theft of utilities. The items sought by search warrant are described as:

**Large quantity of Stolen electric glass meter base from Public Service Company.**

Defendants' Exhibit GG (emphasis in original). The Underlying Facts and Circumstances statement includes the following:

> On January 15th 2009 Mr. Mike Wilson of Public Service signed an affidavit on W.C. Rodgers (sp) for theft of utilities. When they replaced the meter after locking it they discovered the meter had been changed. Mr. Wilson advised Officers that several employees came to him with information that Mr. Rodgers (sp) had several quantities of these stolen meter bases in a cooker located in the back yard. We request the search warrant for the locked smoker located in back yard.

Defendants' Exhibit GG. The Search Warrant correctly identifies all other relevant information, including that it is issued for items **"IN VIOLATION OF SECTION 97-25-3 OF THE MISSISSIPPI THEFT OF UTILITIES CODE OF 1972, AS AMENDED."** Defendants' Exhibits FF, GG (emphasis in original).

The plaintiff admits he has no knowledge of what occurred between the two officers and the judge leading to the issuance of the search warrant. Rogers Depo., p. 108. In contrast, Judge Parker has stated under oath that neither officer provided any false information as to controlled substances or anything else, and only related the facts as to the plaintiff's theft of electricity. Defendants' Exhibit HH. The plaintiff has submitted no evidence of any false statements on the part of the two officers. Judge Parker has stated that he was unaware of the extraneous information at the time, and that his issuance of the search warrant was not based in

14

any way on the extraneous information. Defendants' Exhibit HH. An officer who executes a search warrant in a reasonable, good-faith manner is not liable under § 1983 for execution of the warrant, even if the judge or magistrate who issued the warrant did so in error. See Roderick v. City of Gulfport, Miss., 144 F.Supp.2d 622, 628 (S.D. Miss. 2000).

Detective Johnson has stated under oath that any extraneous information in the warrant documents were the result of an inadvertent failure to delete all the information from the previously used computer template. Defendants' Exhibit FF. The only evidence submitted to the Court shows that any errors in the warrant documents were the result of mere negligence.

The plaintiff also claims a purported constitutional violation because of the issuance of a "no knock" warrant. However, the only evidence before the Court shows that the "no knock" language in the warrant was the result of Detective Johnson's inadvertent failure to delete text from the previously used template. Such failure cannot serve as the basis for a Fourth Amendment claim. Moreover, it is undisputed that the officers knocked on the plaintiff's door prior to executing the warrant to search the box. Defendants' Exhibits BB, FF. The plaintiff testified that he was not at home when the search warrant was executed, and only arrived on the scene after the padlock on the box in the backyard was cut. Rogers Depo., p. 101. There is no legal requirement that the

15

owners of property be present when it is searched, and police officers may enter unoccupied premises to execute a search warrant. <u>Payne v. United States</u>, 508 F.2d 1391, 1394 (5th Cir.); <u>Salts v. Moore</u>, 107 F.Supp.2d 732, 739 (N.D. Miss. 2000)("To this end, there is no legal requirement that owners of property be present when the property is searched.").

Even if the officers failed to knock, the United States Supreme Court has held that a "no knock" entry is appropriate when to do otherwise would be futile. <u>U.S. v. Washington</u>, 340 F.3d 222, 226 (5th Cir. 2003)(citing <u>Richards v. Wisconsin</u>, 520 U.S. 385, 394 (1997)). "It would be futile for officers to knock at the door of an unoccupied building in order to gain permission to enter." <u>United States v. Major</u>, 915 F.Supp. 384, 387-88 (M.D. Ga. 1996) ("no knock" provision is irrelevant when resident not present when search conducted). The Fifth Circuit has noted:

> We do not apply the knock-and-announce rule in a rote fashion; its purpose is to allow residents of a home an opportunity to respond to and cooperate with the police presence in lieu of having to face an unexpected and threatening intrusion.

<u>United States v. Buchanan</u>, 2003 WL 22423183, *2 (5th Cir. Oct. 23, 2003). In addition, the search warrant in this case was not for the plaintiff's residence; nevertheless, the undisputed evidence shows that the officers knocked on the plaintiff's door before searching the metal box. It would of course also be futile to knock on the metal box. For all of the foregoing reasons, the

16

plaintiff's Fourth Amendment claim is without merit.

The court therefore finds that the plaintiff has failed to meet his burden of showing a genuine issue of material fact as to his Fourth Amendment claim for unreasonable search and seizure, his Fourteenth Amendment due process claim, and his Section 1983 governmental liability claim against the PSCYC. As previously discussed, the plaintiff has also failed to meet his burden of showing a genuine issue of material fact as to the remainder of his claims. The defendants' motion for summary judgment shall therefore be granted.

The Court further finds that the plaintiff's motion for partial summary judgment (docket entry 69) is without merit. The plaintiff seeks a ruling that because the Mississippi Department of Employment Security ruled in his favor, the PSCYC defendants should be barred from offering evidence of theft and dishonesty as a defense or as a legitimate non-discriminatory reason for terminating his employment. The issue is moot. Moreover, the doctrine of collateral estoppel does not apply. The plaintiff's motion for partial summary judgment as to defendants Tony Johnson and Dean Johnson (docket entry 71) is also without merit, inasmuch as these defendants are entitled to summary judgment on the plaintiff's Fourth Amendment claim, as discussed above. The plaintiff's motions to strike affidavits and exclude testimony of defendant Jimmy Wever (docket entry 76), of Michael Wilson (docket

17

entry 78), and of Brenda J. Haralson (docket entry 80) are without merit, inasmuch as the affidavits are based on personal knowledge and do not include inadmissible hearsay.  Finally, the defendants' motion for leave to exceed page limitation for reply memorandum (docket entry 97) is granted.  Accordingly,

IT IS HEREBY ORDERED that the defendants' motion for summary judgment **(docket entry 88)**, and the defendants' motion for leave to exceed page limitation for reply memorandum **(docket entry 97)** are GRANTED;

FURTHER ORDERED that the plaintiff's motion for partial summary judgment **(docket entry 69)**, the plaintiff's motion for partial summary judgment as to defendants Tony Johnson and Dean Johnson **(docket entry 71)**, the plaintiff's motion to strike affidavit and to exclude testimony of defendant Jimmy Wever **(docket entry 76)**, the plaintiff's motion to strike affidavit and to exclude testimony of Michael Wilson **(docket entry 78)**, and the plaintiff's motion to strike affidavit and exclude testimony of Brenda J. Haralson **(docket entry 80)** are DENIED.

SO ORDERED, this the 2nd day of September, 2010.

    /s/ David Bramlette
    UNITED STATES DISTRICT JUDGE